**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1490
_____

HAMETT DIAZ,
                    Appellant
v.

COMMONWEALTH OF PENNSYLVANIA; ATTORNEY GENERAL
PENNSYLVANIA; SUPERINTENDENT FOREST SCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-20-cv-01667)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 16, 2024

Before: HARDIMAN, SMITH, and FISHER, *Circuit Judges*.

(Filed: April 22, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Hamett Diaz appeals an order of the District Court denying his petition for a writ of habeas corpus. Diaz argues his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984) for failing to object to inculpatory hearsay. Perceiving no error by the District Court, we will affirm.

I

On October 19, 2013, Diaz drove his 15-year-old stepdaughter, K.C., and her 17-year-old friend (the victim), to get their nails done at a salon in New York City. During the drive from Pennsylvania, the trio drank flavored vodka. Once at the salon, K.C. got her nails done while Diaz and the victim bought more vodka from a nearby liquor store. During the drive back to Pennsylvania, the victim was so drunk that she was blacking out.

Upon arriving home late that evening, Diaz stayed in the car with the victim while K.C. went inside to see what her mother was doing. With the victim still fading in and out of consciousness, Diaz drove away from his house, parked on a secluded service road, and sexually assaulted her. Immobilized and disoriented, the victim could not speak or resist.

After the assault, Diaz drove back home and went inside with the victim. The victim crawled up the stairs and tearfully recounted the rape to K.C., who then helped the victim change into pajamas and get into bed. Early the next morning, the victim—unsure if she had dreamt the assault—asked K.C. what had happened the night before. K.C. told her it was not a dream and urged her to tell someone. Eventually, K.C. told the victim's

2

ex-boyfriend about the assault. The ex-boyfriend's mother called the victim's mother, who then contacted the police. The victim was taken to a hospital where she received a sexual assault examination. She identified Diaz as her assailant and described the rape to a forensic nurse examiner and a Pennsylvania state trooper.

Diaz was charged with rape of an unconscious victim and other offenses. The victim testified that, after waking up the next morning, K.C. confirmed to her that the rape had in fact occurred and was not a dream: "[W]hen I woke up . . . I had told [K.C.] like I had this crazy dream. And [K.C.] was like, [']Oh, . . . it wasn't a dream . . . everything that you told me, it happened.[']" App. 367. Diaz's counsel did not object to this testimony, and K.C. never testified at trial. Nor did Diaz's counsel object to testimony from other prosecution witnesses who recounted details of the assault as relayed to them by others.

The jury convicted Diaz, and he was sentenced to 10 to 20 years' imprisonment. Diaz sought collateral relief under Pennsylvania's Post Conviction Relief Act (PCRA). He claimed ineffective assistance of counsel based on his trial attorney's failure to object to the victim's inculpatory hearsay testimony. At the PCRA hearing, Diaz's counsel testified that he intentionally chose not to object. In his opinion, K.C.'s statements, as relayed by the victim, supported the defense's theory that the intoxicated victim's memory was unreliable and the notion of rape grew from a "seed [that] was planted in [the victim's] head by [K.C.]." App. 273. He also explained that admitting this testimony removed the need to call K.C., who might have testified unfavorably for the defense.

The PCRA court denied Diaz relief, concluding that K.C.'s testimony supported the defense's "confabulation theory," so the choice not to object had "a reasonable basis." App. 235–36. The Superior Court affirmed, finding that Diaz's counsel employed a "hybrid strategy," arguing both that the "[v]ictim was so intoxicated that her memory was unreliable, and . . . although she had been drinking, she was not unconscious." *Commonwealth v. Diaz*, 237 A.3d 436, at *4 (Pa. Super. Ct. 2020). "The value in the hearsay testimony," the court concluded, "lay in painting K.C. . . . as the fabricator of the rape story." *Id.* Applying Pennsylvania's standard for ineffective assistance, the court concluded that the strategy, while "not successful," "had some reasonable basis designed to effectuate [the] client's interest" and thus no relief was due on Diaz's claim. *Id.* (citation omitted). The Pennsylvania Supreme Court denied Diaz's petition for an appeal. *See Commonwealth v. Diaz*, 244 A.3d 5 (Pa. 2021).

After exhausting state court remedies, Diaz filed an amended habeas petition in the District Court. He again raised his ineffective assistance claim, asserting that his conviction violated his rights to counsel and due process under the United States Constitution. Agreeing with the state courts' conclusion that Diaz's "counsel had a rational, strategic basis for not objecting to the hearsay testimony," the District Court denied habeas relief. *Diaz v. Oberlander*, 2023 WL 1994389, at *10 (M.D. Pa. Feb. 14, 2023). Diaz timely appealed.[1]

---

[1] The District Court had jurisdiction over Diaz's habeas petition under 28 U.S.C. §§ 2241 and 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Where, as

4

## II

We issued a certificate of appealability to consider "whether the District Court erred in denying [Diaz's] claim that trial counsel was ineffective for failing to object to the introduction of out-of-court statements by Diaz's stepdaughter, who did not testify at trial." App. 38. Because Diaz's ineffectiveness claim was "adjudicated on the merits in State court proceedings" we consider only whether that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). To prevail on his ineffectiveness claim in state court, Diaz had to show that his "counsel's action or inaction lacked any reasonable basis designed to effectuate [his] interest," and that he suffered prejudice as a result. *Diaz*, 237 A.3d 436, at *3 (citation omitted). *See also Strickland*, 466 U.S. at 687.[2] But to be entitled to relief under AEDPA's "most deferential" standard, Diaz must show that there is *no* "reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). The District Court held that Diaz did not meet this exacting burden. We agree.

---

here, a district court dismisses a habeas petition based on a review of the state court record without holding its own evidentiary hearing, "our standard of review . . . is plenary." *Marshall v. Hendricks*, 307 F.3d 36, 50 (3d Cir. 2002).

[2] We have held that "Pennsylvania's test for ineffective assistance of counsel is consistent with the Supreme Court's decision in *Strickland* because it requires findings as to both deficient performance and actual prejudice." *Tyson v. Superintendent Houtzdale SCI*, 976 F.3d 382, 391 (3d Cir. 2020).

On appeal, Diaz argues that the Superior Court misapplied *Strickland* for three reasons: (1) Pennsylvania law requires a conviction to be vacated when counsel fails to object to inculpatory hearsay; (2) his trial counsel pursued inherently contradictory theories; and (3) his trial counsel could have pursued the same fabrication theory without the hearsay testimony. We address each argument in turn.

First, Diaz argues "the state courts had to ignore their own precedents" in denying his ineffectiveness claim, citing two Pennsylvania cases—*Commonwealth v. Thomas* and *Commonwealth v. Palsa*—reversing convictions where the trial court admitted inculpatory hearsay. Diaz Br. 29. But these cases are inapposite. Both involved hearsay testimony admitted *despite* counsel's objections, not testimony intentionally elicited to support the defense's theory.[3] We also note that our sister circuits have rejected similar ineffectiveness claims where the elicited hearsay "bolster[ed] the defense's theories that the victim's allegations were unreliable or fabricated." *Quintanilla v. Marchilli*, 86 F.4th 1, 23 (1st Cir. 2023); *see also Gilbreath v. Winkleski*, 21 F.4th 965, 985 (7th Cir. 2021). So Diaz's first argument fails.

Diaz next argues that his trial counsel's "'hybrid strategy'" was no strategy at all, as it sought to advance "two mutually exclusive theories. Either [the victim's] memory

---

[3] *See Commonwealth v. Palsa*, 555 A.2d 808, 809 (Pa. 1989) (reversing conviction where prejudicial police testimony was admitted "despite objections from defense counsel alleging hearsay"); *Commonwealth v. Thomas*, 578 A.2d 422, 428 (Pa. Super. Ct. 1990) (finding ineffective assistance where "inadmissible hearsay was objected to by counsel at trial, but the objections were not preserved for appeal through appropriate post-verdict motions").

was unreliable and she dreamed it, or she was not too intoxicated to consent and in fact consented." Diaz Br. 28–29. We disagree. "[T]here is nothing unusual about" Diaz's counsel "arguing inconsistent or alternative theories of defense." *Singleton v. Lockhart*, 871 F.2d 1395, 1400 (8th Cir. 1989). As the Supreme Court has emphasized, "[f]ederal appellate cases . . . permit the raising of inconsistent defenses." *Mathews v. United States*, 485 U.S. 58, 64 (1988).

Diaz also misstates his counsel's strategy. His counsel explained at the PCRA hearing that the hearsay testimony supported his theory that the victim imagined the assault and pursued the rape accusation at K.C.'s urging. At the same time, he argued that the victim was sober enough that she remained conscious. That dual argument was rational because several of Diaz's charges required the state to prove that the victim was unconscious. So counsel for Diaz argued both that no sexual contact had occurred—as the victim had simply adopted K.C.'s suggestion—and that, even if it had occurred, the victim was conscious. While ultimately not a winning approach, the Superior Court concluded that counsel's strategy was reasonably calculated to serve Diaz's interests and thus no relief was due. *See Diaz*, 237 A.3d 436, at *4. Like the District Court, we find no misapplication of *Strickland* in the Superior Court's analysis. *See Bullock v. Carver*, 297 F.3d 1036, 1053–54 (10th Cir. 2002) (finding *Strickland* was satisfied where "a fully informed attorney could have concluded that admitting the hearsay statement was to [the defendant's] strategic advantage"). So Diaz's second argument fails.

Finally, Diaz claims that his counsel's strategy was unreasonable because he could have argued a confabulation theory without the victim's hearsay testimony. We disagree

because this is the "second-guess[ing]" of trial strategy that *Strickland* demands we reject. *Rolan v. Vaughn*, 445 F.3d 671, 681 (3d Cir. 2006) (citing *Strickland*, 466 U.S. at 689). In any event, like the Pennsylvania courts, we are unpersuaded that the defense's confabulation theory would have been equally credible without K.C.'s statements. The victim did not equivocate on the stand; "she testified that [the rape] happened" and "gave a detailed description of" Diaz assaulting her in the minivan. App. 275–76. The hearsay supported the defense's theory that an intoxicated victim, with a cloudy memory, adopted the rape suggestion from her friend, K.C.

∗ ∗ ∗

The Pennsylvania courts concluded that Diaz's counsel elicited the victim's hearsay to argue that she adopted a false rape accusation at the urging of a close friend. Because there was a "reasonable argument" that counsel's actions fell "within the wide range of reasonable professional assistance," *Harrington*, 562 U.S. at 104–05 (cleaned up), the District Court did not err in holding that the state court's decision was neither contrary to, nor an unreasonable application of, *Strickland*. So we will affirm the District Court's order and deny Diaz's petition for a writ of habeas corpus.